UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>           Plaintiff,<br><br>  v.<br><br>ROWENA TODD, an individual dba Vapehead Origins USA; GREGG TODD, an individual dba Vapehead Origins USA; and VAPEHEAD ORIGINS USA, LLC,<br><br>           Defendants.<br><br>GREGG TODD, an individual, dba Vapehead Origins, USA; ROWENA TODD, an individual dba Vapehead Origins USA; VAPEHEAD ORIGINS, USA, LLC, a Washington limited liability company,<br><br>           Third Party Plaintiffs,<br><br>  v.<br><br>BRANDON MCEWEN; JANE DOE MCEWEN; and BRANDON MCEWEN AGENCY, LLC,<br><br>           Third Party Defendants. | NO: 4:18-CV-5022-RMP<br><br>ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS |

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS ~ 1

BEFORE THE COURT is Third-Party Defendants Brandon McEwen, Jane Doe McEwen, and Brandon McEwen Agency, LLC's (collectively, "Third-Party Defendants) Motion to Dismiss, ECF No. 25. Third-Party Defendants move for dismissal of the third-party complaint filed by Defendants Gregg Todd, Rowena Todd, and Vapehead Origins USA, LLC (collectively, "Defendants"), ECF No. 20. The Court has considered the parties' briefing and the record and is fully informed.

## BACKGROUND

The following are the facts as alleged in the third-party complaint, ECF No. 20 at 7. Defendants claim Third-Party Defendants worked as an independent insurance broker for Defendants. *Id.* at 8. In September of 2014, Defendants emailed Third-Party Defendants and asked them to provide information on products liability insurance. *Id.* Third-Party Defendants responded by saying that such an option was not available from their vendor. *Id.* Defendants stated that their current policy with Plaintiff Atain Specialty Insurance Company excluded products liability coverage and asked again for Third-Party Defendants to find them products liability insurance. *Id.* Third-Party Defendants responded again that their vendor could not provide products liability coverage to Defendants because their electronic cigarette business presented too high of a liability exposure. *Id.*

In October 2017 and February 2018, two different plaintiffs filed actions against Defendants in state courts in Hawaii and Washington, respectively. ECF No. 20 at 9. Both involved claims for products liability. *Id.* When Defendants tendered

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS~2

the state court complaints to Third-Party Defendants, Third-Party Defendants stated that products liability coverage was now available to Defendants. *Id.* Defendants then conducted their own investigation and determined that products liability insurance was available in 2014 when Defendants had asked Third-Party Defendants for that coverage. *Id.*

Atain commenced this action against Defendants in February of 2018, seeking declaratory judgment that they do not have a duty to defend Defendants in the state court actions in Hawaii and Washington. ECF Nos. 1 (complaint) & 6 (first amended complaint). Defendants answered with their third-party complaint against Third-Party Defendants. ECF No. 20. Defendants claim that Third-Party Defendants were negligent by failing to follow instructions to procure them products liability insurance coverage when asked in 2014 and are liable for any of Defendants' losses incurred from any declaratory judgment issued in favor of Atain. *Id.* at 10.

Third-Party Defendants responded with this Motion to Dismiss. ECF No. 25. Third-Party Defendants argue that they held no duty to Defendants to procure products liability insurance coverage and therefore could not be negligent. *Id.*

The Court has jurisdiction over the present action and venue is proper. 28 U.S.C. §§ 1332; 1367; 1391; *see also United States v. Un. Pac. Ins. Co.*, 472 F.2d 792, 794 (9th Cir. 1973) (holding that supplemental jurisdiction exists over third-party action despite lack of original jurisdiction in the third-party action because the

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS~3

third-party claim arose out of the same transaction or occurrence as the main claim). Additionally, Defendant's third-party complaint complied with federal pleading procedures. *See* Fed. R. Civ. P. 14.

## LEGAL STANDARD

A complaint will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

# DISCUSSION

## *Third-Party Defendant's Duty*

The parties dispute whether Third-Party Defendants owed Defendants a duty to procure insurance, the breach of which resulted in harm to Defendants. ECF No. 25 at 5; ECF No. 31 at 5.

To succeed on an action for negligence, a party must show four elements: (1) the existence of a duty of care; (2) a breach of that duty; (3) injury; and (4) proximate cause between injury and breach. *Pedroza v. Bryant*, 677 P.2d 166, 168 (Wash. 1984). The determination of whether a duty exists in a negligence action is a question of law for the court. *Bernethy v. Walt Failor's, Inc.*, 653 P.2d 280, 282 (Wash. 1982). An insurance broker only holds those duties found in an agency relationship, such as the duties to exercise good faith and carry out instructions. *Shows v. Pemberton*, 868 P.2d 164, 167–68 (Wash. Ct. App. 1994). The agency relationship does not create an affirmative duty in the broker to advise a client or procure total insurance coverage. *Suter v. Virgil R. Lee & Soon, Inc.*, 754 P.2d 155, 157 (Wash. Ct. App. 1988).

Taking the facts in the light most favorable to Defendants, Third-Party Defendants did follow Defendants' instructions. Defendants asked them to investigate products liability coverage options, and Third-Party Defendants did just that. ECF No. 20 at 8. Third-Party Defendants twice told Defendants that their vendor could not provide products liability insurance. *Id.* Even when taking the

facts in the third-party complaint in the light most favorable to Defendants, Third-Party Defendants followed Defendants' instructions; they investigated coverage options for products liability insurance. *Shows*, 868 P.3d at 167–68.

Nonetheless, Defendants claim that Third-Party Defendants failed to follow instructions because they did not provide Defendants with products liability coverage when such coverage was available, according to Defendants' investigations. ECF No. 20 at 9–10. But absent a special, fiduciary relationship between the broker and the insured, the broker has no affirmative duty to advise the insured about all coverage options. *Suter*, 754 P.2d at 157. Even if it is true that products liability coverage was available when Defendants inquired about it, Third-Party Defendants followed Defendants' instructions and investigated the availability of coverage with their vendor. ECF No. 20 at 8. Dissatisfaction with Third-Party Defendants' investigation does not create a duty supporting a claim of negligence. *See Suter*, 754 P.2d at 157 ("The general duty of care which an insurance agent owes his client does not include the obligation to procure a policy affording the client complete liability protection" (internal citations and quotations omitted).).

In support of its position that Third-Party Defendants failed to follow instructions, Defendants cite to several non-Washington cases. In the first case, the Third Circuit, applying Pennsylvania law, held that an insurance broker may be liable if the broker breaches a contract to procure insurance for the insured, neglects to procure insurance, or does not follow instructions. *Consol. Sun Ray, Inc. v. Lea*,

401 F.2d 650, 656 (3d Cir. 1968). This case is not persuasive because it applies Pennsylvania law from over fifty years ago. Additionally, the brokers that were held liable in *Lea* attempted to procure insurance for their clients but failed to adequately do so because they neglected to specifically name a company's subsidiary store in the insurance policy, leading the insurer to deny coverage for the damages to the store. *Lea*, 401 F.2d at 655. The current case is not similar because Third-Party Defendants did not tell Defendants that products liability coverage was available and then negligently fail to procure it; rather, Third-Party Defendants immediately notified Defendants of their inability to procure the insurance requested.

Defendants also cite to a case from the District Court of Maryland to support its position that a broker is liable for negligence if the broker fails to procure an adequate insurance policy. *Hampton Roads Carriers, Inc. v. Bos. Ins. Co.*, 150 F. Supp. 338, 343 (D. Md. 1957). In that case, the broker told the insured that he had procured a "total loss" insurance policy for a vessel, but the policy did not include coverage for a "constructive total loss," which is when the cost of repair exceeds the cost of value when repaired. *Id.* at 341. Because the coverage was inadequate, and the broker held out to the insured that the coverage was adequate, the broker could be liable for negligence. *Id.* at 344. Once again, this case does not apply to the present dispute because Third-Party Defendants never demonstrated that they had procured products liability insurance for Defendants.

The rest of Defendants' persuasive authority is equally inapplicable to the present case. *See Welmap v. State Farm Fire and Cas. Co.*, No. C11-5371 RJB, 2012 WL 1204951, at *3–4 (W.D. Wash. Apr. 11, 2012) (factual dispute over whether insured told broker that insured had requested the coverage on a house be changed from renter to homeowner); *Bjorneby v. Nodak Mut. Ins. Co.*, 882 N.W.2d 232 (N.D. 2016) (upholding broker's liability to insured when jury found that broker told insured about the ability to cover insured's entire property but was later determined that insurance was inadequate).

If the Court accepts Defendants' arguments here, public policy concerns would be raised. Defendants argue that Third-Party Defendants are liable because Third-Party Defendants failed to procure the requested insurance, which violated Defendants' instructions. ECF No. 20 at 10. Accepting this argument would mean that a broker would be liable for any uncovered loss by an insured as long as the insured asked for that type of coverage at some point, even if the broker told the insured that such coverage was not available or only available at an exorbitant rate. Under this theory, an insured party could guarantee full coverage on any item as long as the party "instructed" a broker to find that coverage. If the broker found the coverage, the insured is covered. If not, then the broker is liable for negligence, and the insured is covered. The Court does not accept this conclusion as reasonable.

It also makes no difference that Defendants' own independent research revealed that products liability insurance was available at the time that they asked for

it in 2014. ECF No. 20 at 9. Third-Party Defendants told Defendants that such an option was not available from their vendor. *Id.* at 8. Even if such an option was available, it does not establish a duty on behalf of Third-Party Defendants. *Id.* Defendants were free to find their own products liability insurance without the use of a broker or from a different broker; Defendants' failure to do so does not establish a duty for Third-Party Defendants. Additionally, Third-Party Defendants' failure to advise Defendants on the availability of products liability insurance does not constitute negligence absent a special, fiduciary relationship, and Defendants concede that no special relationship existed in this case. *See Suter*, 754 P.2d at 157; ECF No. 31 at 9.

The Court finds that Third-Party Defendants did not owe a duty to Defendants upon which Defendants can support a negligence claim.

*Leave to Amend*

If a complaint fails to state a claim upon which relief may be granted, a district court should dismiss that complaint with leave to amend, unless amendment would be futile. *See Carrico v. City and Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). If no facts consistent with the pleading could cure the

deficiencies of the complaint, a district court can deny leave to amend and dismiss the claims with prejudice. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 659 (9th Cir. 1992) (holding district court did not abuse discretion in denying leave to amend when no facts consistent with the complaint could save plaintiff's claims).

Defendants' theory of negligence against Third-Party Defendants relied on a theory of duty that was faulty as a matter of law. For this reason, the Court finds that Defendants cannot plead facts consistent with the current complaint that would cure its deficiencies. *Schreiber Distrib. Co.*, 806 F.2d at 1401. Therefore, the Court will not grant leave to amend and will dismiss the third-party complaint with prejudice. Accordingly, **IT IS HEREBY ORDERED**:

1. Third-Party Defendants' Motion to Dismiss, **ECF No. 25**, is **GRANTED**.

2. Defendants' Third-Party Complaint, **ECF No. 20 at 7**, is **DISMISSED with prejudice**.

3. Judgment of dismissal with prejudice shall be entered in favor of Third-Party Defendants.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, terminate Third-Party Defendants, and provide copies to counsel.

**DATED** January 17, 2019.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              United States District Judge