FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROWENA TODD, an individual, dba Vapehead Origins, USA; GREGG TODD, an individual, dba Vapehead Origins, USA; and VAPEHEAD ORIGINS, USA, LLC, a Washington limited liability company,<br><br>Defendants. | NO: 4:18-CV-5022-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Cross-Motions for Summary Judgment filed by Plaintiff Atain Specialty Insurance Company, ECF No. 27, and Defendants Rowena Todd, Gregg Todd, and Vapehead Origins USA LLC (collectively, "Defendants"), ECF No. 34. The parties dispute whether Defendants' insurance policy from Atain compels Atain to defend Defendants in two different lawsuits against Defendants related to their production of electronic cigarettes. A hearing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

was held in this matter on January 10, 2019. Atain was represented by GailAnn Y. Stargardter. Defendants were represented by Bret Uhrich. The Court has considered the parties' arguments, briefing, and the record, and is fully informed.

## BACKGROUND

Defendants are two individuals and an entity that design, sell, manufacture, market, and distribute electronic cigarettes ("e-cigarettes"). ECF No. 30-2 at 3. After negotiation between the parties, Atain issued an insurance policy to Defendants for coverage during the period between October 25, 2015, and October 25, 2016. ECF No. 6-1 at 4. The parties later renewed the same policy for coverage between October 25, 2016, and October 25, 2017. ECF No. 6-3 at 4.

The policies provide three different types of insurance: Coverage A, Coverage B, and Coverage C. ECF No. 6-2 at 27–35. Coverage A insures Defendants for bodily injury or property damage caused by an occurrence (defined as an accident) in the coverage territory. *Id.* at 27. Coverage B insures Defendants for personal and advertising injury liability. *Id.* at 32. Coverage C insures Defendants for medical expenses for bodily injuries caused by accidents. *Id.* at 34. Coverage A creates the duty for Atain to defend Defendants from any lawsuit. *Id.* at 27.

The insurance policy also contains coverage exclusions. The policy states that Atain has no duty to defend under Coverages A or C when the "products-completed operations hazard" exclusion applies. ECF No. 6-2 at 45. The

exclusion applies to "'bodily injury' or 'property damage' occuring away from premises you own or rent and arising out of 'your product' or 'your work.'" *Id.* at 41. However, the exclusion does not apply to bodily injury or property damage arising out of the transportation of property. *Id.*

Julian Jordan D. Corpuz, II filed a complaint against Defendants in the Circuit Court of the First Circuit in Hawaii on October 5, 2017. ECF No. 30-2 at 1. Mr. Corpuz alleges that his girlfriend purchased an e-cigarette named the "Surge" for him as a gift from a local store in Hawaii in September of 2015. *Id.* at 3. He alleges that Defendants manufactured the Surge e-cigarette. *Id.* Mr. Corpuz purchased the batteries for the Surge e-cigarette from another store in July of 2015. *Id.* at 4. The batteries were manufactured and distributed by a different company, JOCOR, and not Defendants. *Id.* Mr. Corpuz alleges that the Surge e-cigarette and battery exploded in his pants pocket without warning on November 7, 2015. *Id.* Because of the explosion, Mr. Corpuz alleges Defendants and JOCOR were liable for negligence, negligent failure to warn, strict products liability, products liability failure to warn, breach of implied warranty of merchantability, breach of implied warranty of fitness, and breach of express warranty. *Id.* at 5–10.

Keith Cronin filed a complaint against Defendants in the Superior Court for Benton County in Washington on January 4, 2018. ECF No. 30-4. Mr. Cronin alleges that he purchased several e-cigarette related products, including a Billipower rechargeable battery, from Defendants' store in Richland, Washington

in October of 2016. *Id.* at 6. Mr. Cronin alleges that on July 21, 2016, the battery exploded in his pants pocket, causing him injury. *Id.* at 7. Mr. Cronin alleges strict products liability and negligence claims against Defendants. *Id.* at 7–10. Mr. Cronin later voluntarily dismissed his lawsuit without prejudice. ECF No. 29 at 3.

Defendants notified Atain of both actions against them through tenders of defense. ECF No. 6-5 at 1; ECF No. 6-7 at 1. Atain accepted Defendants' tenders subject to a reservation of rights to decline coverage for both actions if Atain determines that the actions do not fall within the insurance coverage. ECF No. 6-5 at 8; ECF No. 6-7 at 8. Thereafter, Atain filed this lawsuit, seeking declaratory judgment that Atain is not required to defend Defendants in the two actions. ECF No. 1 (complaint); ECF No. 6 (first amended complaint).

The parties filed cross-motions for summary judgment. ECF Nos. 27 & 34. Atain argues that it has no duty to defend Defendants in the Corpuz or Cronin actions because any potential policy coverage is excluded by the products-completion operations hazard exclusion. ECF No. 27. Defendants argue that Atain is required to defend in both actions because there is a possibility that the exclusion does not apply. ECF No. 34.

The Court has jurisdiction over this matter and venue is proper. 28 U.S.C. §§ 1332; 1391; 2201.

/ / /

/ / /

## LEGAL STANDARD

When parties file cross-motions for summary judgment, the Court considers each motion on its own merits. *See Fair Housing Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–33 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The Declaratory Judgment Act allows district courts to declare rights and legal relations of any interested party seeking a declaration, which has the force and effect of a final judgment. 28 U.S.C. § 2201.

## DISCUSSION

*Mootness of the Cronin Action*

Defendants argue that Atain's request for declaratory judgment as to the Cronin action is moot because the complaint was dismissed without prejudice, but Atain argues that the Court should decide the issue despite the dismissal. ECF No. 34 at 19; ECF No. 36 at 19.

The limitations of a federal court's jurisdiction imposed by Article III apply equally to actions for declaratory judgment. *Gators.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). When a party to a declaratory judgment action claims an issue is moot, the question is whether the facts alleged show that (1) there is a substantial controversy; (2) between parties with adverse legal interests; and (3) the controversy is of sufficient immediacy and reality to justify an issuance of a declaratory judgment. *Md. Cas. Co. v. Pac. & Oil Co.*, 312 U.S. 270, 273 (1941); *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174–75 (9th Cir. 2002). The cessation of conduct does not automatically render an action for declaratory judgment moot if one party still stands to personally benefit from the court's intervention. *Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Skysign Intern., Inc. v. City and Cty. of Honolulu*, 276 F.3d 1109, 1114–15 (9th Cir. 2002).

Here, the parties will still benefit from the Court's intervention in this case. Even though the Cronin action was dismissed voluntarily, it was dismissed without prejudice and could return at any time within the statute of limitations. Further, it is unlikely that a future Cronin complaint will differ significantly from the complaint originally filed. Despite the dismissal, there is a substantial controversy between these parties over the interpretation of the insurance policy in question, and this controversy is of sufficient immediacy to warrant issuance of a declaratory judgment. *Biodiversity Legal Found.*, 309 F.3d at 1174–75. Simply because the Cronin action was dismissed without prejudice does not make the issue

automatically moot. *Skysign Intern.*, 276 F.3d at 1114–1115. Therefore, the Court finds that this case is not moot as to a declaratory judgment on the Cronin action, and will decide the issue on the merits.

***Atain's Duty to Defend***

The main dispute of this case is whether Atain is required to defend Defendants in the state court actions against Defendants by virtue of Atain's insurance agreement with Defendants. ECF No. 27 at 11; ECF No. 34 at 12.

In Washington, the interpretation of an insurance contract is a question of law. *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005). Insurance policies are construed and interpreted as contracts. *Id.* In disputes over an insurer's duty to defend an insured from a court action, the deciding court considers the "eight corners" of the complaint and the insurance agreement. *Expedia, Inc. v. Steadfast Ins. Co.*, 329 P.3d 59, 64 (Wash. 2014).

The duty to defend is broader than the duty to indemnify. *Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010). "The duty to indemnify only arises if the policy actually covers the insured's liability." *Id.* The duty to defend, however, arises when the complaint against the insured alleges facts that could impose liability on the insured within the coverage of the policy. *Id.* "[I]f there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Id.* An insurer that is unclear as to whether it must defend may defend under a reservation of rights while it seeks a

declaratory judgment in a separate action. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (Wash. 2002). "Although this duty to defend is broad, it is not triggered by claims that clearly fall outside the policy." *Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 691 (Wash. 2013).

Atain argues that the state court complaints against Defendants allege conduct that clearly fall outside the coverage provided by Atain's policies with Defendants and asks for declaratory judgment permitting them to withdraw from defending Defendants without incurring liability. ECF No. 27 at 11. The Court analyzes each of the three coverages under the policies.

***Duty to Defend Under Coverage A***

The parties do not dispute whether the state court claims against Defendants are covered by Coverage A. ECF No. 27 at 11. However, the parties do dispute whether the "products-completed operations hazard" exclusion eliminates Atain's duty to defend Defendants in the Corpuz action.[1] *Id.*; ECF No. 34 at 12.

An insurer can limit its liability with exclusion clauses if it does so with clear language. *Cook v. Evanson*, 920 P.2d 1223, 1225–26 (Wash. Ct. App. 1996). If the conduct in question falls within the scope of an insurance policy, the burden shifts to the insurer to prove that the conduct falls within an exclusion within the

---

[1] Defendants do not dispute that the products-completed operations hazard exclusion eliminates Atain's duty to defend in the Cronin Action. ECF No. 34 at 12 (arguing only the Corpuz action, not the Cronin action).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

policy. *Am. Star Ins. Co. v. Grice*, 854 P.2d 622, 625–26 (Wash. 1993). Exclusion clauses are construed narrowly, with ambiguities resolved against the insurer. *Goodwin v. Wright*, 6 P.3d 1, 4 (Wash. Ct. App. 2000).

The products-completed operations hazard language in Atain's policy with Defendants excludes coverage for bodily injury or property damage "occurring away from premises you own or rent and arising out of 'your product' or 'your work.'" ECF No. 6-2 at 41. The exclusion does not include bodily injury or property damage arising out of the "transportation of property." *Id.*

The first question is whether the products-completed operations hazard applies, which requires the Court to determine whether bodily injury occurred away from Defendants' premises arising out of Defendants' product. ECF No. 6-2 at 41. It is undisputed that the relevant conduct leading to the state court complaints occurred away from Defendants' property and caused bodily injury to the state court plaintiffs. ECF No. 30-2 at 4; ECF No. 30-4 at 7. The parties dispute whether the injuries arose out of Defendants' product. ECF No. 27 at 12; ECF No. 34 at 12. According to the policy, "your product" means,

(1) Any good or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
   (a) You;
   (b) Others trading under your name; or
   (c) A person or organization whose business or assets you have acquired

ECF No. 6-2 at 42. Additionally, the definition includes,

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use or "your product"; and
(2) The providing of or failure to provide warnings or instructions.

*Id.*

Defendants argue that the exclusion does not apply to the Corpuz complaint because there is a possibility that the injury did not arise out of Defendants' product. ECF No. 34 at 12. The Corpuz complaint seeks damages against Defendants and others for the injuries caused by an explosion of an e-cigarette manufactured by Defendants and a battery manufactured by a co-defendant, JOCOR. ECF No. 30-2 at 4. The plaintiff in the Corpuz complaint claims that he purchased the battery in question from JOCOR directly at an e-cigarette store in Hawaii. *Id.* There is no allegation that Defendants manufactured, sold, handled, distributed, or disposed of the JOCOR battery in the Corpuz complaint. ECF No. 30-2.

The Court is tasked with analyzing the "eight corners" of the complaint and the insurance policy to see if there is any conceivable situation in which Atain would be required to cover Defendants' liability. *Expedia*, 329 P.3d at 64. The determining factor in this dispute is not whether there is a conceivable outcome that results in no liability; it is whether "any reasonable interpretation of the facts or the law . . . could result in coverage." *Am. Best Food*, 229 P.3d at 696. There is no dispute that Atain does not insure JOCOR, the manufacturer of the battery that

allegedly exploded. If a jury found that the battery was the cause of liability, and not the e-cigarette that Defendants manufactured, then Defendants would not have any liability for Atain to indemnify, because JOCOR has no insurance policy with Atain.

This means there are two possible outcomes in the Corpuz action: the jury finds that Defendants are liable for the explosion because the e-cigarette at least partially caused it, but the products-completed operations hazard excludes coverage so Atain has no duty to indemnify; or the jury finds that Defendants are not liable for the explosion because the battery caused it, and Atain has no duty to indemnify because there is no policy to indemnify JOCOR. There is no conceivable outcome to the Corpuz action that could result in Atain's duty to indemnify Defendants.

Even though the products-completed operations hazard exception ends Atain's duty to defend in the state court actions, Defendants claim the exception is inapplicable because the exception does not apply to bodily injury that occurs arising out of the transportation of the products. ECF No. 34 at 16. Defendants claim that the state court plaintiffs were transporting the e-cigarettes because they were carrying them in their pockets at the time the injuries occurred. *Id.* at 18. Defendants argue that the exclusion does not apply to injuries arising out of the transportation of Defendants' products. ECF No. 6-2 at 41. However, Atain argues that this broad interpretation of "transports" has already been rejected by

other courts. ECF No. 36 at 16. The term "transport" is not defined in the policy. ECF No. 6-2 at 39–42 (definitions).

When a term in an insurance policy is undefined, courts give the term its plain and ordinary meaning. *State Farm Fire & Cas. Co. v. English Cove Ass'n, Inc.*, 88 P.3d 986, 989 (Wash. Ct. App. 2004). If there is more than one ordinary meaning which may apply, and all meanings are reasonable, then the term is ambiguous. *Stanley v. Safeco Ins. Co. of Am.*, 747 P.2d 1091, 1092 (1988). If an ambiguity exists in an exclusionary clause, the ambiguity is strictly construed against the insurer. *Allstate Ins. Co. v. Peasley*, 932 P.2d 1244, 1246 (Wash. 1997). However, if the interpretation of a term is not susceptible to more than one reasonable meaning, then the Court cannot create ambiguity where one does not exist. *Trans. Ins. Co. v. Wash. Pub. Utils. Dist.'s Util. Sys.*, 760 P.2d 337, 340 (Wash. 1988).

Defendants argue that the plain and ordinary meaning of "transport" is to transfer or convey from one place to another, and when that definition is applied here, the state court plaintiffs were transferring or conveying Defendants' products when the alleged injuries occurred. ECF No. 34 at 18. However, this definition of transport is far too broad and unreasonable. If Defendants' interpretation of "transport" were adopted, then the products-completed operations hazard would rarely apply; the exception would swallow the exclusion. *See Sedlacek v. Hillis*, 36 P.3d 1014, 1019 (Wash. 2001) (holding that interpretations should not allow

exceptions to swallow rules). As the Central District Court of California held when considering the exact same argument, interpreting "transport" so broadly,

> would consume the rule, completely eviscerate the products-completed operations hazard entirely, and result in almost complete product liability coverage arising out of the very provisions of the insurance policy which exclude such coverage. This is not a reasonable interpretation of the language of the contract, and, as such, any expectations based on such interpretation are not objectively reasonable.

*Un. Specialty Ins. Co. v. E-Cig Vapor Emporium, LLC*, No. EDCV 18-0002 JGB (SHKx), 2018 WL 5098859, *6 (C.D. Cal. Oct. 15, 2018). For the same reasons, the Court finds that the "transport" exception to the products-completed operations hazard exclusion does not apply here.

Accordingly, the Court will issue a declaratory judgment that Atain has no duty to defend Defendants in the state court actions under Coverage A.

***Duty to Defend Under Coverages B and C***

Atain's insurance agreement with Defendants also includes Coverage B, which insures Defendants for personal and advertising injuries, and Coverage C, which insures Defendants for medical expenses. ECF No. 6-2 at 32. Atain argues that it has no duty to defend in the state court actions under Coverages B and C. ECF No. 27 at 16. Defendants did not dispute Atain's argument. *See* ECF No. 34. A failure to respond to an opposing party's argument is deemed consent to the entry of an adverse order. *See* LCivR 7(e). Therefore, the Court grants Atain's motion for summary judgment as to Coverages B and C.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 27**, is **GRANTED**.

2. Defendants' Cross-Motion for Summary Judgment, **ECF No. 34**, is **DENIED**.

3. A declaratory judgment shall be entered in favor of Plaintiff that states that Plaintiff has no duty to defend Defendants in either the Corpuz action or the Cronin action under Coverage A, Coverage B, or Coverage C of the insurance policies issued by Plaintiff to Defendants.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, enter declaratory judgment as directed, and **close this case**.

**DATED** January 24, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge